FERGUSON, Judge.
Mary Ann Smania, owner of a time-share condominium interest, appeals a final summary judgment in favor of Mundaea, holder of a note taken from the FDIC, which was executed by Ms. Smania for the purchase of the time-share unit. Two issues are presented:
1. Whether the D’Oench, Duhme doctrine and Title 12 U.S.C. section 1823(e) prevent Smania from asserting personal defenses against Mundaea based upon the note evidencing Smania’s agreement to pay; and
2. Whether Mundaea takes from the FDIC as a holder in due course under federal common law and is thus protected from the defenses raised in Smania’s counterclaim, notwithstanding the consumer contract provision preserving Smania’s defenses.

Facts

Smania entered into a time-share agreement with Royal Aloha Vacation Club (RAVC) which entitled her to use a luxury condominium located on one of the eight sites owned by RAVC. Smania financed the purchase of the time-share unit through RAVC by making a down payment and executing a note for the remainder. Included on the face of the note was a Consumer Credit Contract Clause which made the holder of the note subject to all claims and defenses which the debtor could assert against the original seller of the goods or services.[1] The note was ultimately assigned to People’s Bank & Trust in Dallas, Texas. People’s Bank became insolvent in February 1985 and the note was acquired by the FDIC. Smania made payment on the note to the FDIC for two years and then discontinued payment due to her dissatisfaction with the services provided by RAVC.[2]
Two years after the FDIC’s purchase and assumption, Mundaea purchased the note from the FDIC with notice of Smania’s default. Mundaea then sued Smania to foreclose on the note and for a deficiency judgment. Smania counterclaimed, alleging fraud in the inducement to enter the contract, failure of consideration, unfair and deceptive trade practices and breach of warranty. Mundaea moved for summary judgment and for dismissal of the counterclaim, alleging that, as to the counterclaim, Smania failed to state a cause of action because Mundaea took the note from the FDIC as a holder in due course. Mundaea also argued that the D’Oench doctrine prevented Smania from asserting any personal defenses based upon the note. Smania responded that the note contained a consumer credit contract clause which made the holder, Mundaea, subject to all claims and defenses, irrespective of the holder-in-due-course status it had acquired from the FDIC. The trial court *244 granted summary judgment in Mundaca’s favor and dismissed Smania’s counterclaims.

The D’Oench Doctrine

The United States Supreme Court held in D’Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), that in litigation between a bank customer and the FDIC, as successor in interest to a bank, the customer may not rely on agreements outside the documents contained in the bank’s records to defeat a claim of the FDIC. 315 U.S. at 461, 62 S.Ct. at 681. This rule was later codified in 12 U.S.C. section 1823(e), and, after great expansion by the courts,[3] has come to mean: “[A] private party may not enforce against a federal deposit insured any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution’s records.” Baumann v. Savers Fed. Sav. & Loan Ass’n, 934 F.2d 1506, 1515 (11th Cir.1991).
Although both the D’Oench doctrine and section 1823(e) protect federal regulators and their subsequent takers from secret, unrecorded, or unclear agreements, a narrow exception to the application of section 1823(e) has been recognized in cases where the instrument the FDIC seeks to enforce facially manifests bilateral obligations. See Howell v. Continental Credit Corp., 655 F.2d 743 (7th Cir.1981) (when asset the FDIC is attempting to recover is very same agreement makers allege has been breached by the FDIC’s assignors, section 1823(e) does not apply); Lassiter v. Resolution Trust Corp., 610 So.2d 531 (Fla. 5th DCA 1992); see also Riverside Park Realty Co. v. Federal Deposit Ins. Corp., 465 F.Supp. 305 (M.D.Tenn. 1978) (section 1823(e) did not bar the defendants from asserting breach of terms of loan agreement incorporated by reference into deed FDIC sought to enforce).

Conclusion

The limited exception to the D’Oench doctrine crafted by Howell cannot apply to Sma-nia’s note. Unlike the instruments in Riverside and Howell, Smania’s note does not facially manifest bilateral obligations which serve as the basis of her defense. Nor does she contend that any of the terms on the face of the note were breached. Instead, Sma-nia’s defenses are based on the time-share agreement between RAVC and Smania which apparently details RAVC’s obligations under that contract. None of the terms of this agreement are listed on the note as in Howell, or incorporated by reference in the note as in Riverside. For that reason, Smania’s defenses are barred under the D’Oench doctrine.
Having resolved the first point in favor of the appellee, it is not necessary to reach the second issue.
Affirmed.

. Preservation of Consumers’ Claims and Defenses (Federal Trade Commission Trade Regulation Rule) 16 C.F.R. § 433.2(a) and (b) (1978).
NOTICE
Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

. Apparently, the RAVC was in dire financial 1 straits and was unable to provide the services it originally agreed to provide.

. See Langley v. Federal Deposit Ins. Corp., 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (even if bank fraudulently induces customer into signing a note, section 1823(e) bars customer from relying on bank's misrepresentations as a defense to payment on note); Federal Sav. & Loan Ins. Corp. v. Gordy, 928 F.2d 1558 (11th Cir.1991) (D’Oench doctrine applies even where the customer is completely innocent of any bad faith, recklessness, or negligence).